UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

WILLIAM M. DEAN,

                              Plaintiff,

          v.                                        9:22-CV-0746
                                                    (BKS/ML)

DAVID DeBEJIAN, et al.,

                              Defendants.

───────────────────────────────────

APPEARANCES:

WILLIAM M. DEAN
Plaintiff, Pro Se
11-B-0996
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                     AIMEE COWAN, ESQ.
New York State Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

**DECISION AND ORDER**

I.    **INTRODUCTION**

          Pro se plaintiff William M. Dean commenced this action by filing a complaint asserting

claims pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to

proceed in forma pauperis ("IFP"), and a motion for preliminary injunctive relief.  Dkt. No. 1

("Compl."); Dkt. No. 6 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion").  By

Decision and Order entered on September 10, 2022, this Court granted plaintiff's IFP

Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and

28 U.S.C. § 1915A(b), dismissed several claims and defendants from this action, and found

that plaintiff's First Amendment mail tampering claims against defendants Debejian,

Sheehan, and Leone survived sua sponte review and required a response.  Dkt. No. 10

("September 2022 Order").  The Court also directed these defendants to respond to plaintiff's

Preliminary injunction Motion within thirty (30) days of service.  *Id*. at 28.

Thereafter, counsel appeared on behalf of defendants Debejian, Sheehan, and

Leone, and plaintiff filed a motion for default judgment.  See Dkt. Nos. 15 and 20 ("Notices of

Appearance"); Dkt. No. 26 ("Motion for Default Judgment").  Counsel has opposed the

Preliminary injunction Motion and the Motion for Default Judgment, which are presently

before the Court.

## II.    MOTION FOR DEFAULT JUDGMENT

On October 11, 2022, counsel filed acknowledgments of service on behalf of

defendants Leone and Sheehan, wherein she acknowledged that these officials were served

on September 19, 2022.  Dkt. Nos. 13, 14.  In light of these acknowledgments, the deadline

for defendants Leone and Sheehan to respond to the complaint was initially set for

November 22, 2022.

On November 8, 2022, counsel filed an acknowledgment of service on behalf of

defendant DeBejian.  Dkt. No. 19.  On November 16, 2022, counsel filed a letter requesting

that the deadline for the defendants to respond to the complaint be stayed pending the

Court's decision on the Preliminary Injunction Motion.  Dkt. No. 22.  The next day, the Court

granted counsel's request in part and reset the response deadline to December 14, 2022. Dkt. No. 23 ("November 2022 Order").

On December 8, 2022, the Court received plaintiff's Motion for Default Judgment.  Dkt. No. 26.  Thereafter, counsel timely filed an answer to the complaint on behalf of the remaining defendants.  Dkt. No. 28.

In light of the November 2022 Order and the answer filed on behalf of the defendants, plaintiff's Motion for Default Judgment is denied as moot.

## III.   PRELIMINARY INJUNCTION MOTION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc*., 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).  "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that

3

the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

"'A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'" *Bisnews AFE (Thailand) Ltd. v. Aspen Research Group Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (summary order) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)). Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983).

4

Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley*, 559 F.3d at 118); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)).

Plaintiff seeks an order directing officials at Marcy Correctional Facility to allow him to "use the Advanced System for legal copies and sending legal mail" in order to enable him to "pursu[e] . . . his legal rights to the Courts." *See* Preliminary Injunction Motion at 5. According to plaintiff, officials at Marcy Correctional Facility have prevented him from using the "Advance System" established by the New York State Department of Corrections and Community Supervision ("DOCCS"), which has impacted his ability to provide copies as necessary in ongoing court proceedings. *Id*. at 5-7.

Counsel contends that plaintiff's motion should be denied because (1) some of the relief that he seeks is against non-parties, (2) he has provided no evidence that he has been entirely prohibited from using the "Advance System" or will not be allowed to use it in the future, and therefore has failed to demonstrate a substantial likelihood of success on the merits, (3) he has not demonstrated that he will suffer any specific irreparable harm in the

5

absence of the relief he seeks, and (4) he has not demonstrated that the balance of equities tips in his favor or that the injunction he seeks is in the public interest.  Dkt. No. 24.

Upon review, the Court agrees with counsel that plaintiff has failed to meet the heavy burden for a temporary restraining order or mandatory injunction.

As an initial matter, counsel is correct that, insofar as plaintiff seeks injunctive relief against any non-party corrections officials, a request for injunctive relief against non-parties is available only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

In addition, insofar as plaintiff seeks injunctive relief against the named defendants based on these officials improperly denying him access to legal copies and mail, his request that these officials allow him to use the "Advance System" is akin to a request that they obey the law.  "Obey the law" injunctions are vague, do not require a defendant to do anything more than that already imposed by law, subject the defendant to contempt rather than statutorily prescribed sanctions, and are not readily capable of enforcement.  As such, these injunctions are not favored.  *N.L.R.B. v. Express Pub. Co.*, 312 U.S. 426, 435-36 (1941); *see also Rowe v. New York State Division of Budget*, No. 1:11-CV-1150 (LEK/DRH), 2012 WL 4092856, at *7 (N.D.N.Y. Sept. 17, 2012); *New York v. Shinnecock Indian Nation*, 560 F. Supp. 2d 186, 189 (E.D.N.Y. 2008).  According to the Second Circuit, "'[u]nder Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law.'"

6

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240 (2d Cir. 2001) (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 51 (2d Cir. 1996)).

In any event, the documents attached to counsel's response show that on occasions in which plaintiff's requests for photocopies were denied, he was provided with an explanation as to why.  *See* Dkt. Nos. 24-2, 24-3, 24-4, 24-5, 24-6, 24-7, 24-8, 24-9.  Plaintiff has not introduced any evidence showing that (1) he was still denied copy requests after addressing a deficiency identified in any of the aforementioned communications, or (2) he made other requests for copies that were altogether ignored.  Thus, plaintiff has failed to establish, with evidence, a substantial likelihood of success on the merits of his underlying claim.

Furthermore, plaintiff has failed to introduce non-speculative evidence showing that he is likely to be denied access to legal copies and mail in the future, despite his ability to satisfy the requirements of the applicable DOCCS Directives.  *See Lyons*, 461 U.S. at 111-12; *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) ("A preliminary injunction cannot be issued based [solely] on past harm."); *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016) (same); *Agostini v. Backus*, No. 14-CV-6188, 2015 WL 1579324, at *3 (W.D.N.Y. Apr. 9, 2015) ("Plaintiff's request for injunctive relief must be denied, since Plaintiff's concern about future retaliation, even if sincere, is speculative, and therefore is not sufficient to establish irreparable harm."); *Ward v. LeClaire*, No. 9:07-CV-0026 (LEK/RFT), 2007 WL 1532067, at *2 (N.D.N.Y. May 24, 2007) ("Plaintiff's request for injunctive relief against future threats or harassment by inmates and/or prison officials is too speculative to meet the irreparable harm requirement."); *Fox v. Anthony*, No.

6:10-CV-839 (GTS/ATB), 2010 WL 3338549, at *2 (N.D.N.Y. July 15, 2010) ("Plaintiff has

submitted no evidence, other than his own speculation that defendants . . . will retaliate

against him when they find out that he filed this law suit.  The same claim could be made by

any inmate who names corrections officers as defendants in any action."), *report and

recommendation adopted by* 2010 WL 3338558 (N.D.N.Y. Aug. 23, 2010).  Plaintiff has also

failed to introduce non-speculative evidence showing that he is likely to suffer harm in an

ongoing and meritorious court proceeding as a result of the wrongdoing alleged in the

complaint.  *See also* September 2022 Order at 16-19 (dismissing access-to-courts claim for

this reason).  Thus, plaintiff has failed to establish that he is likely to suffer immediate

irreparable harm in the absence of the injunctive relief that he seeks.

      For all of these reasons, plaintiff's motion is denied.

## IV.    CONCLUSION

      **WHEREFORE**, it is hereby

      **ORDERED** that plaintiff's motion for default judgment (Dkt. No. 26) is **DENIED as**

**moot**; and it is further

      **ORDERED** that plaintiff's motion seeking preliminary injunctive relief (Dkt. No. 4) is

**DENIED without prejudice**; and it is further

      **ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: December 22, 2022
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge