UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

WILLIAM M. DEAN,

                                        Plaintiff,

                v.                                          9:22-CV-0746
                                                            (BKS/ML)

ANTHONY J. ANNUCCI, et al.,

                                        Defendants.

───────────────────────────────────

APPEARANCES:

WILLIAM M. DEAN
Plaintiff, Pro Se
11-B-0996
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                          AIMEE COWAN, ESQ.
New York State Attorney General             Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

## I.    INTRODUCTION

Plaintiff William Dean commenced this action pursuant to 42 U.S.C. § 1983 ("Section

1983") by filing a pro se civil rights complaint together with an application for leave to proceed

in forma pauperis ("IFP") and a motion for preliminary injunctive relief.  Dkt. No. 1 ("Compl.");

Dkt. No. 6 ("IFP Application"); Dkt. No. 4 ("Preliminary Injunction Motion").[1]  By Decision and Order entered on September 10, 2022, this Court granted plaintiff's IFP Application, and following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), dismissed several claims and defendants from this action, and found that plaintiff's First Amendment mail tampering claims against defendants Debejian, Sheehan, and Leone survived sua sponte review and required a response.  Dkt. No. 10 ("September 2022 Order").  The Court also directed these defendants to respond to plaintiff's Preliminary injunction Motion within thirty (30) days of service.  *Id*. at 28.

Thereafter, counsel appeared on behalf of defendants Debejian, Sheehan, and Leone, and plaintiff filed a motion for default judgment as well as discovery requests.  *See* Dkt. Nos. 15 and 20 ("Notices of Appearance"); Dkt. No. 25 ("Discovery Requests"); Dkt. No. 26 ("Motion for Default Judgment").  By Text Order entered on December 9, 2022, Magistrate Judge Miroslav Lovric directed the Clerk to strike the Discovery Requests from the docket based on a determination that the filing violates N.D.N.Y. L.R. 26.2[,]" and advised plaintiff that the Court "does not accept the filing of discovery materials, such as, Interrogatories, Document Requests, Discovery Responses, etc., unless the court specifically directs such documents be filed or when submitted in support of a motion filed pursuant to Rule 37 of the Federal Rules of Civil Procedure."  Dkt. No. 27 ("Discovery Order").  Days later, counsel answered the complaint on behalf of defendants Debejian, Sheehan, and Leone, and a Mandatory Pretrial Discovery and Scheduling Order was issued.  Dkt. No. 28 ("Answer"); Dkt.

---

[1]  By Order entered on July 14, 2022, plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed.  Dkt. No. 5.  Thereafter, plaintiff filed his IFP Application and the inmate authorization required in this District and the Clerk was directed to reopen this action and restore it to the Court's active docket.  *See* Dkt. Nos. 6, 7, 8.

2

No. 30 ("Scheduling Order").

On December 19, 2022, the Court received a letter request from plaintiff to amend and supplement his complaint, together with a proposed amended and supplemental complaint. Dkt. No. 32 ("Letter Request to Amend"); Dkt. No. 32-1 ("Am. Compl.").

By Decision and Order entered on December 22, 2022, the Court denied the Preliminary injunction Motion without prejudice and denied the Motion for Default Judgment. Dkt. No. 33 ("December 2022 Order").

Presently before the Court are the following: (1) plaintiff's Letter Request to Amend and proposed amended and supplemental complaint, Dkt. No. 32; (2) plaintiff's appeal of a portion of the Scheduling Order, Dkt. No. 34 ("Appeal of the Scheduling Order"); (3) counsel's letter request that the Court review plaintiff's proposed amended and supplemental complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), Dkt. No. 36 ("Counsel's Letter Regarding the Amended Complaint"); and (4) plaintiff's motion for reconsideration of the December 2022 Order, Dkt. No. 38 ("Motion for Reconsideration").

Counsel has opposed plaintiff's Appeal of the Scheduling Order and Motion for Reconsideration.  Dkt. Nos. 39, 42.

## II.    PLAINTIFF'S LETTER REQUEST TO AMEND

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave[, and] [t]he court should freely

give leave when justice so requires." Fed. R. Civ. P. 15(a).

Rule 15(d) of the Federal Rules of Civil Procedure allows a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may supplement to include subsequent occurrences "absent prejudice to the nonmoving party." *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991). "It is also proper to permit the filing of a supplemental pleading to add additional parties." *Tobin v. Rell*, No. 3:05-CV-1079, 2007 WL 1520111, at *2 (D. Conn. May 18, 2007) (citing *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964)). In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21 of the Federal Rules of Civil Procedure, which states that a party may be added to an action "at any time, on just terms." Fed. R. Civ. P. 21.

The standard for a motion to supplement is the same as for a motion to amend the pleadings under Fed. R. Civ. P. 15(a). *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993) (Fisher, M.J.), *adopted by* 835 F. Supp. at 713 (W.D.N.Y. 1993) (Telesca, D.J.). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, No. 11-CV-5986, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan*, 214 F.3d at 283). The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court and the court's decision is not subject to review on appeal except for abuse of discretion. *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir.

4

2001); *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007).[2]

Counsel concedes that plaintiff's proposed amended and supplemental complaint was filed as of right, and has not raised any objection to the manner in which the submission was presented to the Court. *See* Dkt. No. 36. Accordingly, plaintiff's Letter Request to Amend is granted insofar as plaintiff wishes for the Court to consider his proposed amended and supplemental complaint as the operative pleading. The Clerk is directed to file the proposed amended and supplemental complaint as the amended complaint, which the Court must now review for sufficiency in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Counsel's Letter Regarding the Amended Complaint is granted in this regard.

## III.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and September 2022 Order

In his original complaint, plaintiff asserted claims based on alleged wrongdoing that occurred during his confinement at Marcy Correctional Facility ("Marcy C.F."). *See generally* Compl. The complaint named the following officials as defendants: (1) Cathy Sheehan, the Deputy Acting Commissioner and Counsel for the New York State Department of Corrections and Community Supervision ("DOCCS"); (2) C.F. Leone, the Supervising Librarian and Law Library Coordinator for DOCCS; (3) former Marcy C.F. Deputy Superintendent of Programs ("DSP") Debejian; (4) Patrick Reardon, the Superintendent of Marcy C.F.; (5) P. Dormey, Counsel for DOCCS; (6) Pat Collver, Acting DSP at Marcy C.F.; (7) Jeffrey McKoy, Deputy Commissioner of Programs; (8) DOCCS Commissioner Annucci; (9) New York State Attorney

---

[2]  The Local Rules of Practice of the Northern District of New York require that a motion to amend or supplement be supported by a proposed pleading. N.D.N.Y.L.R. 7.1(a)(4). A plaintiff seeking to supplement a pleading must submit a proposed pleading which is limited to "transactions or occurrences or events which have occurred since the date of the pleading that the party seeks to supplement," and which contains paragraphs numbered consecutively to the paragraphs contained in the pleading that it seeks to supplement. *Id.*

General Letitia James; and (10) DOCCS.  Compl. at 1-5.

The complaint was construed to assert the following claims against the named defendants: (1) First Amendment access-to-courts claims; (2) First Amendment mail tampering claims; and (3) Fourteenth Amendment equal protection claims.  September 2022 Order at 12.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court found that only plaintiff's First Amendment mail tampering claims against defendants Debejian, Sheehan, and Leone survived sua sponte review.  *See* September 2022 Order at 27.  Plaintiff's Section 1983 claims for money damages against DOCCS were dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment, and his remaining claims were dismissed without prejudice for failure to state a claim upon which relief may be granted.  *Id.*

**B.      Overview of the Amended Complaint**

Because plaintiff is proceeding in forma pauperis and is an inmate suing government employees, his amended and supplemental complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the September 2022 Order and it will not be restated in this Decision and Order.  *See* September 2022 Order at 2-4.

As with the original complaint, plaintiff's amended and supplemental complaint alleges wrongdoing associated with the conditions of his confinement at Marcy C.F., and reasserts Section 1983 claims against the same ten defendants.  *See generally*, Am. Compl.  Although the 156-page pleading, which is both rambling and at times repetitive, includes each of the

6

allegations set forth in the original complaint, it also includes several new allegations regarding state court actions that plaintiff has initiated since 2011 in furtherance of his effort to overturn his criminal conviction, as well as allegations regarding how those actions were impacted by the denials of copying and mailing services that plaintiff experienced.  *See* Am. Compl., ¶¶ 1-86, 96, 101, 260-275, 377, 413-429, 442.  The amended complaint also contains supplemental allegations of mail tampering since the last alleged incident of wrongdoing discussed in the original complaint.  *Id*., ¶¶ 87-171.

Liberally construed, the amended complaint asserts the following claims against DOCCS and the named defendants in their individual and official capacities:[3] (1) First Amendment interference with access-to-courts claims; (2) First Amendment mail tampering claims; and (3) Fourteenth Amendment equal protection claims.[4]

---

[3]  The amended complaint also identifies three officials that were allegedly involved in the identified wrongdoing, who are not named as defendants based on plaintiff's alleged fear of retaliation.  *See* Am. Compl. at 148-149.  While the Court is sympathetic to plaintiff's concerns, it is not for the Court to decide which officials should or should not be named as defendants.  *See Levesque v. New York*, No. 8:13-CV-825, 2014 WL 4437629, at *8 (N.D.N.Y. Sept. 8, 2014) ("The court cannot provide legal advice to a litigant.").  Since plaintiff acknowledges not naming these three officials as defendants, the Court does not construe the amended complaint to assert any claims against them.  *See* Fed. R. Civ. P. 10(a) ("[T]he title of the complaint must name all the parties."); *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible" for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims); *Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007) ("If people are not also named in the caption of the [ ] complaint, they will not be defendants in the case.").

[4]  The amended complaint also expressly alleges a due process violation, a violation of plaintiff's rights to a fair trial, and purports to assert a conspiracy claim.  *See* Am. Compl. at 151-52.  Insofar as the amended complaint attempts to assert a Fourteenth Amendment substantive due process claim based on plaintiff's alleged inability to make legal copies and send outgoing legal mail and access the courts, for the reasons discussed in the September 2022 Order, the Court once again finds that the First Amendment guides the Court's analysis of this alleged wrongdoing.  *See* September 2022 Order at 12 n.4.  Insofar as the amended complaint references a fair trial claim, the Court does not construe the pleading to assert any such claim in light of the absence of any allegations which plausibly suggest that any of the named defendants played any role in the criminal conviction that resulted in plaintiff's current confinement.  *See Kayo v. Mertz*, 531 F. Supp. 3d 774, 800 (S.D.N.Y. 2021) ("The elements of a § 1983 fair trial claim are: 'an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result.'" (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277 (2d Cir. 2016)).  Finally, insofar as the amended complaint alleges that the named defendants "conspired with the New

Plaintiff seeks money damages and injunctive relief.  Am. Compl. at 154-55.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.    Analysis

#### 1. Eleventh Amendment Immunity

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.");  *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890);  *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997);  *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states'

---

York State Police" by denying him access to legal copies and mail, plaintiff has failed to identify which officials he believes conspired to violate his constitutional rights, or explain how.  Thus, the Court declines to construe the amended complaint to assert any additional claims under a conspiracy theory.  *See Ciambriello v. County of Nassau,* 292 F.3d 307, 325 (2d Cir. 2002) (noting that to state a claim for conspiracy under Section 1983, the complaint must allege that (1) an agreement existed between two or more state actors to act in concert to inflict an unconstitutional injury on the plaintiff, and (2) an overt act was committed in furtherance of that goal); *see also Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir. 1983) (holding that "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss"); *Brown v. City of Oneonta,* 106 F.3d 1125, 1133 (2d Cir. 1997) (holding that complaints containing only conclusory, vague or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief). The Court would add only that because an alleged conspiracy to violate an individual's rights under Section 1983 is not an independent claim, but rather a theory of liability, plaintiff need not prove a conspiracy to succeed on any of his underlying claims that survive sua sponte review herein.  *See Clark v. City of Oswego,* No. 5:03-CV-202(NAM/DEP), 2007 WL 925724, at *7 (N.D.N.Y. Mar. 26, 2007) ("A plaintiff asserting a Section 1983 conspiracy claim must first prove a violation of the underlying constitutional right, . . . , or in other words, a civil conspiracy claim doe[es] not set forth an independent cause of action but rather is sustainable only after an underlying tort claim has been established[.]" (internal quotation marks and citations omitted)).

immunity through Section 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that

New York State has not waived its immunity from suit on the claims asserted in plaintiff's

amended complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d

35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 5:93-CV-1298 (RSP/GJD), 1996

WL 156764 at *2 (N.D.N.Y. 1996).

As noted in the September 2022 Order, "[s]tate immunity extends not only to the

states, but also to state agencies."  *See* September 2022 Order at 14 (citations omitted).

Furthermore, the Eleventh Amendment bars suits for damages against state officials acting

in their official capacities.  *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for

damages against state officials in their official capacity is considered to be a claim against

the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New

York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for

damages in his official capacity, such a suit is deemed to be a suit against the state, and the

official is entitled to invoke the Eleventh Amendment immunity belonging to the state.");

*Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh

Amendment does not permit suit [under Section 1983] for money damages against state

officials in their official capacities.")

Accordingly, insofar as plaintiff seeks monetary damages under Section 1983 against

DOCCS or any other defendant in his or her official capacity, such claims are dismissed with

prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as barred by  the

Eleventh Amendment.[5]

## 2. Defendant James

"Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." *Cipriani v. Buffardi*, No. 9:06-CV-889 (GTS/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) (citing *Gonzalez v. City of New York*, No. 97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998)); *see also Crown v. Wagenstein*, No. 96-CV-3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same).

Here, plaintiff names New York State Attorney General Letitia James as a defendant, but the body of the amended complaint lacks any allegations of wrongdoing by this official. *See generally*, Am. Compl.  Furthermore, the Court has no basis to plausibly infer that this official, who is not employed by the New York State Department of Corrections and Community Supervision, possessed the authority to address, in any respect, the alleged wrongdoing detailed in the amended complaint.  *See, e.g., Kregler v. City of New York*, 821 F. Supp. 2d 651, 658-59 (S.D.N.Y. 2011) ("Because it is undisputed that Schwam and Keenaghan were subordinates and thus lacked the authority to prevent the alleged constitutional violation caused by their supervisor, Kregler's claim of deliberate indifference

---

[5] In *Ex Parte Young*, 209 U.S. 123 (1908), the Supreme Court established an exception to state sovereign immunity in federal actions where an individual brings an action seeking injunctive relief against a state official for an ongoing violation of law or the Constitution.  Under the doctrine, a suit may proceed against a state official in his or her official capacity, notwithstanding the Eleventh Amendment, when a plaintiff, "(a) alleges an ongoing violation of federal law, and (b) seeks relief properly characterized as prospective."  *See In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (quotations and citations omitted); *see also Santiago v. New York State Dep't of Corr. Serv.*, 945 F.2d 25, 32 (2d Cir. 1991) (holding that such claims, however, cannot be brought directly against the state, or a state agency, but only against state officials in their official capacities).

fails as a matter of law."); *Kuolkina v. City of New York*, 559 F. Supp. 2d 300, 317 (S.D.N.Y. 2008) (dismissing claims against state officials who "did not have the authority to take action with respect to any constitutional violation plaintiffs may have suffered" (collecting cases)).

For these reasons, plaintiff's Section 1983 claims against defendant James are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 3. Access-to-Courts Claims

The legal standard governing First Amendment access-to-courts claims was discussed at length in the September 2022 Order, and will not be restated herein. *See* September 2022 Order at 16-19.

In light of plaintiff's new allegations regarding state court actions that were dismissed in 2021, and complications he has experienced in other proceedings that seek to obtain evidence he believes is necessary to challenge his criminal conviction, and mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's access-to-courts claims against defendants Debejian, Sheehan, Leone, McKoy, and Collver survive sua sponte review and require a response insofar as these claims are based on these officials denying plaintiff access to copies and/or mail to which he was allegedly entitled. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.[6]

---

[6] The September 2022 Order dismissed plaintiff's First Amendment claims insofar as plaintiff sought to challenge the constitutionality of the DOCCS Directives governing advancements for legal copies and postage. *See* September 2022 Order at 22. For the reasons discussed in the September 2022 Order, insofar as plaintiff has reasserted any such claims in his amended complaint, these claims are once again dismissed.

11

The Court, however, reaches a different conclusion with respect to defendants Annucci, Dormey, and Reardon.

### (a) Defendant Annucci

The amended complaint alleges that defendant Annucci (1) is responsible for overseeing each DOCCS correctional facility, (2) "has a[n] inherent and ethical duty to see that any and all . . . unlawful or unconstitutional practices/violations are brought to his direct attention[,]" (3) has "direct knowledge" of "problems" plaintiff has experienced with obtaining legal copies for court filings through "being provided several copies of letters and complaints sent to him . . . since on or about April 17, 2021[,]" and (4) has failed to investigate, "respond[ ] or correct[ ] the problems for more than 17 months[.]"  Am. Compl. at 4-8.

The amended complaint, however, also alleges that defendant Sheehan received the same letters and complaints as defendant Annucci regarding plaintiff's inability to obtain legal copies for court filings, and has "correspond[ed]" with plaintiff regarding his copying and mailing issues.  Am. Compl. at 9-10.  The amended complaint further alleges that on certain occasions after defendants Debejian and Collver denied a request made by plaintiff for legal copies, these officials advised plaintiff that "Albany counsel agreed" that plaintiff was not entitled to his requested copies because he "had advances in the excess of $20.00 on the books already[.]"  *Id*. at 15.

The law is well-settled that a senior-ranking official such as the DOCCS Commissioner is entitled to delegate decision-making authority over matters to other officials such as the Deputy Commissioner and Counsel for DOCCS.  *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (finding no personal  involvement where DOCCS Commissioner referred inmate's letters to subordinates); *Amaker v. Goord*, No. 98-CV-3634, 2002 WL 523371, *16 (S.D.N.Y.

Mar. 29, 2002) (holding that sending letters to commissioner, which were responded to by other prison officials, was insufficient to establish supervisory liability); *Walker v. Pataro*, No. 99-CV-4607, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002) ("[W]here a supervisory official like the Commissioner of Corrections . . . receives letters or similar complaints from an inmate and does not personally respond, the supervisor is not personally involved and hence not liable. . . . [T]he Commissioner and individual prison Superintendents receive innumerable letters and other forms of inmate complaints and delegate subordinates to handle them . . . Thus, if mere receipt of a letter or similar complaint were enough, without more, to constitute personal involvement, it would result in liability merely for being a supervisor, which is contrary to the black-letter law that § 1983 does not impose respondeat superior liability.").  Furthermore, the Second Circuit recently clarified that "there is no special rule for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020). Instead, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id*. (quoting *Iqbal*, 556 U.S. at 676); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (noting that a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003).  Thus, the alleged failure by defendant Annucci to respond to plaintiff's letters is not enough to plausibly suggest that he was personally involved in the alleged wrongdoing.  *See, e.g.*, *Braxton v. Bruen*, No. 9:17-CV-1346 (BKS/ML), 2021 WL 4950257, at *6 (N.D.N.Y. Oct. 25, 2021) ("Even before *Tangreti*, receipt by a supervisory official of a letter from an inmate, without more, has been insufficient to establish the official's personal involvement in a § 1983 constitutional claim."

(collecting cases)); *Quirk v. DiFiore*, No. 20-CV-5027, 2022 WL 268976, at *3 (S.D.N.Y. Jan. 28, 2022) (dismissing Section 1983 claim against Chief Judge DiFiore where complaint alleged only that this official failed to respond to a letter sent to her by the plaintiff on one occasion, which is insufficient to plausibly suggest her personal involvement in the alleged constitutional violation); *Tripathy v. Schneider*, No. 21-CV-6392, 2021 WL 4504461, at *3 (W.D.N.Y. Oct. 1, 2021) (dismissing Section 1983 claim against Commissioner of New York State Department of Corrections and Community Supervision and Governor of New York where complaint alleged only that these officials "failed to respond" to plaintiff's complaints of wrongdoing, noting that "the failure to respond to letters protesting unconstitutional actions and/or requesting an investigation is, without more, insufficient to establish personal involvement"); *Peck v. Cnty. of Onondaga, New York*, No. 5:21-CV-651, 2021 WL 3710546, at *10 (N.D.N.Y. Aug. 20, 2021) ("Peck's allegation that Conway failed to remedy the discriminatory conduct against her at the Sheriff's Office after June 18, 2020 essentially argues that he was deliberately indifferent to an ongoing violation. . . . Yet *Tangreti* demands more. . . . Plaintiff must allege that Conway actively participated in a constitutional violation, and this allegation does not further that end."), *reconsideration denied*, 563 F. Supp. 3d 18 (N.D.N.Y. 2021); *Brown v. Montone*, No. 17-CV-4618, 2018 WL 2976023, at *4 (S.D.N.Y. June 13, 2018) ("It is well-established that an allegation that an official ignored a prisoner's letter of protest and request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." (quoting *Allah v. Annucci*, No. 16-CV-1841, 2017 WL 3972517, at *7 (S.D.N.Y. Sept. 7, 2017)); *cf. McCrary v. Marks*, 836 Fed. App'x 73, 74 (2d Cir. 2021) (explaining that where "the most [plaintiff] alleged is that [defendant] received his letter and directed someone at the [agency] to respond to it[, t]hat is clearly not

14

enough to state a claim").

Accordingly, plaintiff's access-to-courts claim against defendant Annucci is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### (b)  Defendant Dormey

The amended complaint alleges that defendant Dormey has had "direct . . . contact . . . with [plaintiff's] . . . immediate family via email in response to their complaints on [plaintiff's] behalf" regarding copying and mailing issues.  Am. Compl. at 11.  The amended complaint lacks any allegations regarding what plaintiff's family members communicated to defendant Dormey, what he said in response, or when these communications occurred.  Furthermore, even assuming these allegations plausibly suggest that defendant Dormey was made aware of plaintiff's issues with access to legal copies and mail at some point, awareness alone is not enough to plausibly suggest that this official was personally involved in the alleged deprivations that plaintiff suffered, particularly because at the time of the alleged violations, plaintiff alleges that other "Albany" officials considered and dismissed his complaints.  *See, e.g., Johnson v. Owens*, No. 9:20-CV-0982 (LEK/CFH), 2022 WL 958127, at *7 (N.D.N.Y. Mar. 30, 2022) ("[S]imply stating that an official was, at some point, made aware of violations, without more, is not sufficient to plausibly allege personal involvement." (citing *Gawlik v. Semple*, No. 20-CV-564, 2021 WL 4430601, at *13 (D. Conn. Sept. 27, 2021) ("Gawlik alleges only that those defendants were made aware of the confiscation of his religious items after the fact and failed to take action. . . . [T]hose allegations are insufficient—in the aftermath of *Tangreti*—to support a claim for money damages against supervisory officials.")); *Fabrizio v. Smith*, No. 9:20-CV-0011 (GTS/ML), 2021 WL 2211206, at *10

15

(N.D.N.Y. Mar. 10, 2021) ("In the Complaint, Plaintiff alleged that Mauro and Smith were personally involved because they failed to remedy ongoing First Amendment violations after becoming aware of the retaliation through grievances and appeals. . . . In light of *Tangreti*, Plaintiff's attempt to plead personal involvement based upon the denial of a grievance and/or appeals, lacks merit because it does not plausibly suggest '[t]he factors necessary to establish' a First Amendment retaliation claim."), *report and recommendation adopted by* 2021 WL 2211023 (N.D.N.Y. June 1, 2021); *Smart v. Annucci*, No. 19-CV-7908, 2021 WL 260105, at *5 (S.D.N.Y. Jan. 26, 2021) ("That [Defendants] failed to act on Plaintiff's complaints . . . cannot support the inference that these Defendants, through '[their] own individual actions, [have] violated the Constitution.'"); *Sealey*, 116 F.3d at 51.

Accordingly, plaintiff's access-to-courts claim against defendant Dormey is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### (c) Defendant Reardon

The amended complaint alleges that plaintiff complained to defendant Reardon about his inability to obtain legal copies on and after July 22, 2021, and filed a grievance "directed to him on or about September 29, 2021[,]" and defendant Reardon simply responded by "assigning [plaintiff's] grievance [and] letters to the DSP, IGP, and IRC."  Am. Compl. at 13-14.

As with plaintiff's claim against defendant Annucci, defendant Reardon's alleged decision to defer to other officials to address plaintiff's complaints is not enough to plausibly suggest that he was personally involved in the alleged wrongdoing, particularly because plaintiff alleges that "Albany counsel" was involved in at least some of the determinations that

plaintiff was not entitled to certain copies.  *See Sealey*, 116 F.3d at 51; *Perez v. Annucci*, No. 20-CV-8069, 2021 WL 5568005, at *4 (S.D.N.Y. Nov. 29, 2021) ("Even assuming the signature on the grievance denial belongs to Supt. Griffin, the denial itself merely reflects that Griffin deferred his decision to the results of the investigation of a medical professional, and thus does not establish personal involvement in the denial of plaintiff's medical care."), appeal dismissed (Apr. 1, 2022); *Vega v. Artus*, 610 F. Supp. 2d 185, 199 (N.D.N.Y. 2009) (stating that facility superintendent's act of "referring [plaintiff's] letters to staff for investigation is not sufficient to establish [his] personal involvement"); *Farid v. Goord*, 200 F. Supp. 2d 220, 235 (W.D.N.Y. 2002) (dismissing claims of personal involvement against supervisory official who merely sent grievances "down the chain of command for investigation").

Accordingly, plaintiff's access-to-courts claim against defendant Reardon is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 4. Mail Tampering Claims

The legal standard governing First Amendment mail tampering claims was discussed at length in the September 2022 Order, and will not be restated herein.  *See* September 2022 Order at 16-19.

Mindful of the Second Circuit's direction that a pro se plaintiff's pleadings must be liberally construed, *see e.g. Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court finds that plaintiff's mail tampering claims against defendants Debejian, Sheehan, Leone, McKoy, and Collver survive sua sponte review and require a response.  In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed dispositive motion.

For the same reasons discussed above in Section III.C.3, plaintiff's mail tampering claims against defendants Annucci, Dormey, and Reardon are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 5. Equal Protection Claims

The legal standard governing Fourteenth Amendment equal protection claims was discussed at length in the September 2022 Order, and will not be restated herein.  *See* September 2022 Order at 23-24.

Although the amended complaint differs from the original complaint in that plaintiff now alleges that he suffers from multiple disabilities, *see* Am. Compl. at 85, the amended complaint is devoid of any allegations which plausibly suggest that plaintiff was intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment.  *See Village of Willowbrook*, 528 U.S. at 564 (2000); *DeMuria*, 328 F.3d at 706.  In fact, as with the original complaint, the amended complaint fails to identify any individuals treated differently than plaintiff under a similar situation.

Stated differently, the amended complaint lacks any allegations which plausibly suggest that (1) other inmates with insufficient funds for copying services and postage have been allowed to make copies of, or mail, certain types of legal documents that plaintiff has not been allowed to copy or mail, and/or (2) plaintiff has been denied copy and mailing services because of his disability.  Instead, plaintiff's allegations that he was denied "equal protection" are entirely conclusory, which is not enough to survive sua sponte review.  *See Iqbal*, 556 U.S. at 678 (concluding that a pleading that only "tenders naked assertions devoid of further factual enhancement" will not survive sua sponte review) (internal quotations and

alterations omitted); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Thomas v. Pingotti*, No. 9:17-CV-0300 (GTS/DEP), 2017 WL 3913018, at *7 (N.D.N.Y. Sept. 6, 2017) ("Conclusory allegations of disparate treatment or a plaintiff's personal belief of discriminatory intent are patently insufficient to plead a valid claim under the Equal Protection clause.").

Accordingly, plaintiff's equal protection claims are once again dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim against them upon which relief may be granted.

## IV.    MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  The standard for granting a motion for reconsideration is strict.  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*[7]  Thus, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

---

[7]  Generally, motions for reconsideration are not granted unless "the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader*, 70 F.3d at 257.

Here, plaintiff seeks reconsideration of the December 2022 Order, apparently based on his belief that the rulings in that Order were legally incorrect in light of documents plaintiff had and had not received as of the date his motion was filed.  *See* Dkt. No. 33.[8]

After thoroughly reviewing plaintiff's motion and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the December 2022 Order.  Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.  Thus, plaintiff's motion for reconsideration of the December 2022 Order is denied in its entirety.

## V.    APPEAL OF THE SCHEDULING ORDER

"A district court judge reviewing a magistrate judge's non-dispositive ruling may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law." *Gregory v. Stewart's Shops Corp.*, No. 14-CV-0033, 2016 WL 5409326, at *2 (N.D.N.Y. Sept. 28, 2016) (citing *Labarge v. Chase Manhattan Bank*, No. 95-CV-173, 1997 WL 583122, at *1 (N.D.N.Y. Sept. 3, 1997)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding is clearly erroneous if the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Malowsky v. Schmidt*, No. 15-CV-666, 2017 WL 5496068, at *2 (N.D.N.Y. Jan. 9, 2017).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."  *Id.* at *2; *see also In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019); *E.E.O.C. v. First Wireless Grp.,*

---

[8]  Plaintiff does not suggest that there has been an intervening change in the controlling law, nor has he presented new evidence which was not previously available.  Instead, plaintiff's motion raises concerns regarding his alleged health issues and difficulties determining what documents he has been provided by the Court and defendants.  *See generally*, Dkt. No. 33.

*Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004).  As such, a Magistrate Judge's order is clearly erroneous and contrary to law where the Magistrate applies an incorrect legal standard. *United States v. Bonanno Organized Crime Family of La Cosa Nostra*, 119 F.R.D. 625, 626 (E.D.N.Y. 1988).

Plaintiff appeals the Scheduling Order insofar as it (1) prohibits him from serving counsel with written discovery demands until sixty days after entry of the Scheduling Order, and (2) limits defendants to providing only 300 free pages of documents in the mandatory disclosures and requires that plaintiff prepay for copies of documents in excess of this amount.  *See* Appeal of the Scheduling Order.

Insofar as plaintiff challenges the timing of service of written discovery, more than sixty (60) days has passed since the entry of the Scheduling Order, and the written discovery period is therefore now open.  As a result, plaintiff's challenge to this portion of the Scheduling Order is denied as moot.

Insofar as plaintiff challenges the provision of the Scheduling Order that requires him to prepay for documents in excess of 300 pages that may be in counsel's possession, the Scheduling Order requires defendants to provide plaintiff with "the documents in the care, custody, or control of any defendant or the defendant's employer if the employer is a public entity such as the New York State Department of Corrections and Community Supervision (DOCCS) related to the claims or defenses in the case[,]" provided that the total number of pages of the copies being produced does not exceed 300 pages.  *See* Scheduling Order at 2-3.  The Scheduling Order further states as follows:

> If . . . the total number of pages of the copies being produced by either plaintiff(s) or defendant(s) exceeds 300, the producing party may make such documents available to the discovering party for inspection upon

reasonable notice. If, after such inspection, the discovering party wishes to obtain copies of any such documents, copies of the first 300 pages requested shall be provided at the expense of the producing party. Any pages in excess of 300 shall be produced only upon the prepayment by the discovering party of the costs of reproduction of any pages beyond 300 at the rate of $.25 per page.

These requirements and restrictions are neither clearly erroneous nor contrary to law. Indeed, contrary to plaintiff's contention, the Scheduling Order in no way prevents him from reviewing more than 300 pages of documents in defendants' possession related to the claims or defenses in this case. Thus, this aspect of plaintiff's appeal is also denied.

If, following this Decision and Order, defendants' counsel represents to plaintiff that counsel is in possession of more than 300 pages of documents related to the claims or defenses in the case, and plaintiff determines, after reviewing these documents, that he does not possess, and therefore is in need of, more than 300 pages of these documents, he may bring the issue to the Court's attention, at which time plaintiff's concern will be ripe for consideration, and may warrant a modification to the free page limit.

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Letter Request to Amend (Dkt. No. 32) is **GRANTED** insofar as plaintiff wishes for the Court to consider his proposed amended and supplemental complaint (Dkt. No. 32-1) as the operative pleading. The Clerk is directed to docket the proposed amended and supplemental complaint (Dkt. No. 32-1) as the amended complaint, which is accepted for filing and is the operative pleading; and it is further

**ORDERED** that Counsel's Letter Regarding the Amended Complaint (Dkt. No. 36) is **GRANTED** insofar as counsel sought the Court's review plaintiff's proposed amended and

supplemental complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b); and it is further

ORDERED that upon review of the amended complaint in accordance with 28 U.S.C.

§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the following claims **SURVIVE** sua sponte review

and require a response: (1) plaintiff's First Amendment access-to-courts claims against

defendants Debejian, Sheehan, Leone, McKoy, and Collver based on these officials

allegedly denying him access to copies and/or mail to which he was entitled; and (2) plaintiff's

First Amendment mail tampering claims against defendants Debejian, Sheehan, Leone,

McKoy, and Collver; and it is further

ORDERED that plaintiff's Section 1983 claims against DOCCS and each named

defendants in his or her official capacity are **DISMISSED with prejudice** pursuant to 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief

may be granted and as barred by the Eleventh Amendment;[9] and it is further

ORDERED that all remaining Section 1983 claims are **DISMISSED** pursuant to 28

U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief

may be granted; and it is further

ORDERED that the Clerk shall **TERMINATE** all defendants other than Debejian,

Sheehan, Leone, McKoy, and Collver from the docket; and it is further

ORDERED that upon receipt from plaintiff of the documents required for service, the

Clerk shall issue summonses and forward them, along with copies of the amended

---

[9] Generally, when a district court sua sponte dismisses claims brought by a pro se plaintiff, the plaintiff will be allowed to amend.  *See Gomez*, 171 F.3d at 796.  However, an opportunity to amend is not required with respect to claims with defects that are substantive rather than merely formal, such that any amendment would be futile.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Pucci v. Brown*, 423 Fed. App'x 77, 78 (2d Cir. 2011).

complaint, to the United States Marshal for service on defendants McKoy and Collver;[10] and it is further

ORDERED that upon the completion of service on defendants McKoy and Collver, a response to plaintiff's amended complaint be filed by these defendants and defendants Debejian, Sheehan, and Leone, or their counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

ORDERED that plaintiff's motion for reconsideration of the December 2022 Order (Dkt. No. 38) is **DENIED** as set forth above; and it is further

ORDERED that plaintiff's appeal of a portion of the Scheduling Order (Dkt. No. 34) is **DENIED** as set forth above; and it is further

ORDERED that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided on submitted papers, without oral argument, unless otherwise ordered by this Court.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so will result in the dismissal of this action**; and it is further

---

[10]  Because Aimee Cowan, on behalf of the Office of the New York State Attorney General, has appeared in this action as counsel for defendants Debejian, Sheehan, and Leone, the Clerk need not issue summonses for these defendants.

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties. The Clerk shall also serve plaintiff with a copy of the Local Rules of Practice for this District.

**IT IS SO ORDERED.**

Dated: <u>March 2, 2023</u>
      Syracuse, NY

Brenda K. Sannes
Chief U.S. District Judge