UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM M. DEAN,

                  Plaintiff,                  9:22-cv-00746 (BKS/ML)

v.

CATHY Y. SHEEHAN, Deputy Commissioner and Counsel; DAVID DEBEJIAN, Deputy Superintendent of Programs; PAT COLLVER, Acting Deputy Superintendent of Programs; C.F. LEONE, Director of Correctional Library Services, NYS DOCCS; JEFFREY MCKOY, Deputy Commissioner of Programs,

                  Defendants.

---

**Appearances:**

*Plaintiff pro se:*
William M. Dean
11-B-0996
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

*For Defendants:*
Letitia James
Attorney General of the State of New York
Aimee Cowan
Assistant Attorney General
300 South State Street, Suite 300
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

# ORDER

Plaintiff pro se William M. Dean, who is presently incarcerated at Marcy Correctional Facility, brought this action under 42 U.S.C. § 1983 asserting claims of mail tampering and denial of access to the courts, in violation of the First Amendment. (*See generally* Dkt. No. 45).

On June 21, 2024, Defendants filed a motion for summary judgment under Federal Rule of Civil Procedure 56 seeking dismissal of the Amended Complaint. (Dkt. No. 103). On July 8, 2024, Plaintiff requested a 45-day extension to file a response. (Dkt. No. 105). Plaintiff's request was granted and the deadline extended until August 28, 2024. (Dkt. No. 106). In total, Plaintiff received six extensions to the deadline for opposing Defendants' Motion for Summary Judgment, the last of which expired on January 31, 2025. (*See* Dkt. Nos. 106, 109, 115, 119, 121, 130). On February 14, 2025, two weeks after the response deadline, the Court received Plaintiff's 3,000-page response to Defendants' motion for summary judgment. (Dkt. Nos. 132, 133, 134, 135, 136, 137, 138, 140, 141, 142, 143, 144). Plaintiff's submissions were postmarked February 11, 2025. (*See* Dkt. Nos. 132-6, 133-1, 134-3, 135-1, 136-2, 137-5, 138-2, 140-1 141-6, 142-6, 143-1, 144-2). Because Plaintiff's submissions were untimely, the Court directed Plaintiff to show "good cause" for failing to comply with the Court's January 31, 2025 deadline. (Dkt. No. 130 (citing Fed. R. Civ. P. 16(b)(4); *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) ("The Rule 16(b)(4) 'good cause inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment."))). On February 20, 2023, United States Magistrate Judge Miroslav Lovric, to whom Defendants' motion had been referred, issued a Report-Recommendation recommending that Defendants' motion for summary judgment be granted and the Amended Complaint be dismissed for failure to exhaust administrative remedies. (Dkt. No. 145). Plaintiff subsequently filed three letters explaining why his response to Defendants' motion for summary judgment was late. (Dkt. Nos. 146–48). Defendants filed a response opposing consideration of Plaintiff's response submissions. (Dkt. No. 150).

In defense of his late filing, Plaintiff outlined his activities from December 29, 2024 to January 26, 2025, the date, according to Plaintiff, that Marcy facility staff gave him the signed disbursement forms authorizing the mailing of his submissions and accepted his envelopes for mailing. (Dkt. No. 146, at 1–2 (explaining that envelopes with Plaintiff's opposition to Defendants' motion for summary judgment "were carried out" by facility staff "on the Morning of January 26, 2025 on or about 6:55 a.m."); *see also* Dkt. No. 147, at 1 ("I tried to mail my response on January 23, 2025 and was finally taken . . . on the 26th of January, 2025.")). Plaintiff asserts that on February 11, 2025, he received copies of his disbursement forms stating that his account had been charged for the mailing but "no indication as to when or if they were mailed." (Dkt. No. 146, at 2). It appears that Plaintiff claims he first learned that his opposition papers had not been mailed until February 11, 2025, when he received this Court's Text Order, noting the February 11 postmark and ordering him to show good cause for his untimely filing. (Dkt. No. 147, at 2 ("It appears according to my receipts of being billed for the mailing on February 11, 2025 and your notice stated it was post marked as such.")). In further support of his request that the Court consider his late-filed response submissions, Plaintiff notes that the "Declaration of Incarcerated Individual Filing" he included in his opposition papers states that he placed Defendants' copy of his opposition papers "in the mail box marked MAIL for mailing purposes" at Marcy, on January 23, 2025. (Dkt. No. 132-5, at 1).

Defendants argue that Plaintiff has failed to show he acted diligently in attempting to comply with the Court's deadline and request that the Court strike "plaintiff's untimely submissions" from the docket. (Dkt. No. 150, at 4). In support of their argument, Defendants note Plaintiff had "*six and a half months* to submit his opposition," and that "plaintiff's opposition papers—including two declarations, response to defendants' statement of material

3

facts, and memorandum of law—are all dated long before the January 31, 2025, deadline: November 4, 2024, November 30, 2024 and December 16, 2024," but that Plaintiff offered no explanation for failing to timely file these documents. (*Id.* at 3 (citing Dkt. Nos. 132-1, 132-2, 132-3, 132-4)).

In light of Plaintiff's response to the Court's order to show cause, in which he affirmed under penalty of perjury pursuant to 28 U.S.C. § 1746, that he gave his oppositions papers to prison officials no later than January 26, 2025, (Dkt. No. 147), five days prior to the response deadline, the Court finds that Plaintiff has established that he acted diligently, and therefore concludes there is good cause for accepting Plaintiff's opposition as timely filed, *see Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) ("[T]o show good cause, a movant must demonstrate that it has been diligent[.]"); *Vazquez-Diaz v. United States*, No. 23-cv-10639, 2024 WL 398051, at *1, 2024 U.S. Dist. LEXIS 18727, at *2 (S.D.N.Y. Feb. 2, 2024) (explaining that "[u]nder the 'prison mailbox rule,' courts generally treat documents submitted by individuals who are incarcerated as deemed filed on the date that the individual delivers the document to the prison authorities for mailing" (citing *Noble v. Kelly*, 246 F.3d 93, 97–98 (2d Cir. 2001)); *see also Lewis v. Lee*, 737 F. App'x 24, 26–27 (2d Cir. 2018) (noting that the plaintiff was "correct that his opposition to summary judgment should be deemed timely filed under the prison mailbox rule" as his "opposition was dated within the extension period and was accompanied by a declaration stating that it was submitted to prison officials on that date"). Thus, in analyzing Defendants' motion for summary judgment and the Report-Recommendation, the Court will consider whether Plaintiff's opposition submissions raise a material issue of fact precluding summary judgment.

Accordingly, it is

**ORDERED** that Defendants, who have not had the opportunity to reply to Plaintiff's response, are directed to file a reply by April 3, 2025. Defendants may incorporate any response to Plaintiff's objections, (Dkt. No. 149), in their reply. Any reply should address, among other things:

- Plaintiff's arguments regarding the relevant time period, (*see* Dkt. No. 132-3, at 3; *see also* Dkt. No. 45, at 5, 9 (alleging Plaintiff first made "contact" with Defendant Sheehan in April 2021), 12 (alleging that Plaintiff addressed issue of legal copies at Collins between April 8, 2021 and July 13, 2021), 26 (alleging Plaintiff notified Defendant Sheehan on April 17, 2021, "about being denied access to the courts, by refusing to make or send legal copies and mail to courts"); Dkt. No. 103-5, at 31));

- Plaintiff's assertion that the Marcy grievance system was unavailable, (Dkt. No. 132-3, ¶ 12; Dkt. No. 133-3; Dkt. No. 133-4); and

- Plaintiff's assertion that he filed grievances on April 27, 2021, (Dkt. No. 103-5, at 80–82; Dkt. No. 133, at 46–48), June 15, 2021, (Dkt. No. 132-3, at 4, 8; Dkt. No. 136, at 24), September 29 or 30, 2021, (Dkt. No. 45, at 13, 24; Dkt. No. 142, at 40), and June 9, 2022, (Dkt. No. 45, at 53–54; Dkt. No. 133-5, at 6; Dkt. No. 132-3, at 5, 10); *see also Adams v. O'Hara*, No. 16-cv-0527, 2019 WL 652409, at *3, 2019 U.S. Dist. LEXIS 24898, at *6 (N.D.N.Y. Feb. 15, 2019) ("It is important to note that, where an inmate does not know that an unprocessed grievance (i.e., a grievance that has not been assigned a grievance number) may technically be appealed, he need not appeal that unprocessed grievance, because the regulatory scheme advising him of that right is too opaque.") (citation omitted).

It is further **ORDERED** that no sur-reply will be permitted; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 14, 2025
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge